UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AL-NAWAS GAMPONG,

    Plaintiff,

v.                                                         CASE NO.:

DREAMER FRANCHISING, LLC,
a Florida Limited Liability Company,
and ADILE AKGOREN, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AL-NAWAS GAMPONG ("Plaintiff"), by and through the undersigned counsel, sues the Defendants, DREAMER FRANCHISING, LLC, a Florida Limited Liability Company ("Dreamer"), ADILE AKGOREN ("Akgoren"), individually (Dreamer and Akgoren hereinafter collectively referred to as ("Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), 29 U.S.C. §§ 206 and 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-

1

being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et *seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as

liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

7. The Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §1331 and 29 U.S.C. §216(b).

8. Venue is proper in this judicial district given a substantial part of the events or omissions giving rise to this claim occurred in Miami-Dade County, Florida.

## PARTIES

9. Plaintiff was employed by Defendants as an hourly paid employee from July 2020 to when he was officially terminated on August 1, 2021.

10. Dreamer is a Florida Limited Liability Company that operates and conducts business in Miami-Dade County, Florida and is therefore, within the jurisdiction of this Court.

11. At all rimes relevant to this action, Akgoren was, and continues to be, an individual resident of the State of Florida, who owns and operates Dreamer.

12. At all times relevant to this action, Akgoren regularly exercised the authority to hire and fire employees.

13. At all times relevant to this action, Akgoren determined the work schedules for Dreamer employees.

14. At all times relevant to this action, Akgoren controlled the finances and operations of Dreamer.

15. By virtue of having regularly exercised authority on behalf of Dreamer, Akgoren, is an employer as defined by 29 U.S.C. § 201, *et seq.*

## COVERAGE

16. At all times material hereto (the last three years), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

17. At all times material hereto (the last three years), Plaintiff was an "employee" of Defendants within the meaning of FLSA.

18. At all times material hereto (the last three years), Defendants were Plaintiff's "employer" within the meaning of FLSA.

19. At all times material hereto, Defendants were and continue to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material hereto (the last three years), Defendants were and continue to be "an enterprise engaged in commerce," or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

  c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. napkins, silverware, cash registers, and/or credit card readers).

22. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

23. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of using credit card readers.

## STATEMENT OF FACTS

24. Dreamer is a juice bar and café that has three locations.

25. One Dreamer café is located at 1225 20th Street #1, Miami Beach, Florida 33139.

26. One Dreamer café is located at 100 Collins Ave. #C-3, Miami Beach, Florida 33139.

27. One Dreamer café is located at 32 Rehoboth Ave., Rehoboth Beach, DE 19971.

28. On or about July 13, 2020, Defendants hired Plaintiff to work as a barista.

29. When Plaintiff was hired as a barista, he was hired to work at Defendants' Delaware location.

30. In approximately October of 2020, Plaintiff was transferred to Defendants' 1225 10th Street #1, Miami Beach location.

31. However, Plaintiff did work at Defendants' 100 Collins Ave #C-3 location occasionally.

32. Plaintiff worked for Defendants in Miami Beach until December of 2020.

33. In approximately March of 2021, Plaintiff returned to work for Defendants at their Delaware location.

34. Plaintiff worked at Defendants' Delaware location until August 1, 2021.

35. Throughout the duration of his employment, Plaintiff was a non-exempt hourly paid employee.

36. At all times material hereto, Plaintiff worked in excess of forty (40) hours in most, if not all, work weeks.

37. However, Plaintiff was not properly compensated for all of the hours that he worked, in most, if not all, work weeks.

38. Specifically, although Plaintiff worked more than forty (40) hours in most, if not all, work weeks, Defendants only compensated Plaintiff for his first forty (40) hours of work.

39. Therefore, Defendants failed to pay Plaintiff any wages whatsoever for the hours that he worked over forty (40) in most, if not all, work weeks during the relevant period.

40. Plaintiff was never compensated at the rate of one and one-half times his regular rate for those that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

41. As a result of Defendants' pay practices as described above, Plaintiff was not properly compensated his overtime pay under the FLSA.

42. Plaintiff should have been compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per week, as required by the FLSA.

43. As a result of Defendants' pay practices as described above, Plaintiff was not properly compensated minimum wages pursuant the FLSA.

44. On several occasions, Plaintiff complained to Defendants regarding their failure to properly compensate him for his overtime hours worked and for their failure to pay him proper minimum wages.

45. Defendant failed to take corrective action with regard to Plaintiff's unpaid wages despite of his complaints.

46. Defendants have violated 29 U.S.C. §§ 206 and 207 in that:

    a. Plaintiff worked in excess of forty (40) hours per week throughout the relevant time period;

    b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the

FLSA;

c. Defendants failed to pay Plaintiff an amount equal to, or greater than, the applicable minimum wage in one or more workweeks;

d. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

### COUNT I
### VIOLATION OF 29 U.S.C. § 206
### RECOVEYRY OF MINIMUM WAGES

47. Plaintiff re-alleges and reavers paragraphs one (1) through forty-six (46) of the Complaint, as if fully set forth herein.

48. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

49. During his employment with Defendants, Plaintiff was not paid the minimum wage for each work week of work performed in violation of the FLSA.

50. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages including unpaid wages, liquidated damages and attorneys' fees and costs.

51. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least the applicable minimum wage for all hours that he worked each week.

52. Defendants did not have a good faith basis for its failure to pay plaintiff minimum wages for each hour worked.

53. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

54. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

55. Plaintiff re-alleges and reavers paragraphs one (1) through forty-six (46) of the Complaint, as if fully set forth herein.

56. Throughout the duration of his employment, Plaintiff routinely worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for each of his overtime hours worked.

57. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

58. Defendants had knowledge of the overtime hours worked by Plaintiff.

59. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked

in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

60. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

61. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

62. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

    a. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

    b. Overtime compensation for all hours worked over forty (40) in a work week at the applicable time and one-half rate;

    c. All unpaid minimum wages at the Florida mandated minimum wage rate;

    d. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

    e. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    f. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

Such other relief to which Plaintiff may be entitled, at law or in equity.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 12th day of January, 2022.

        /s/ Chanelle Ventura
        Chanelle Ventura, Esq.
        Bar No.: 1002876
        Pausha Taghdiri, Esq.
        Bar No.:1002857
        Morgan & Morgan, P.A.
        8151 Peters Road
        Suite 4000
        Plantation, FL 33324
        Telephone: (954) WORKERS
        Facsimile: (954) 327-3013
        Email:   cventura@forthepeople.com
                     ptaghdiri@forthepeople.com
        Trial Attorneys for Plaintiff