UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AL-NAWAS GAMPONG,

    Plaintiff,

v.                              CASE NO.: 1:22-cv-20163-JEM

DREAMER FRANCHISING, LLC,
a Florida Limited Liability Company,
and ADILE AKGOREN, individually,

    Defendants.
_____/

## NOTICE OF FILING PLAINTIFF'S STATEMENT OF CLAIM

Pursuant to this Court's Notice of Court Practices in FLSA Cases entered on March 15, 2022 (D.E. 7), Plaintiff hereby gives notice of filing the following Statement of Claim:

## STATEMENT OF CLAIM

Because the litigation of this matter is ongoing and Defendants have not yet provided Plaintiff with complete and accurate records of Plaintiff's pay and time records, the following information represents an estimate based on Plaintiff's recollection of his regular schedule and hours worked throughout the duration of his employment with Defendants. These estimates may vary depending on the information obtained during the discovery phase of this matter, including a review of any and all pay and time records in Defendants' possession, and the record testimony of any Party or witness that is deposed in this case. Accordingly, Plaintiff states the following:

During the relevant period of Plaintiff's employment, from approximately July 2020 through August 2021, Plaintiff was not properly compensated for all of the hours that he worked each week, in most, if not all, workweeks. At all times relevant to the claim, Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks. However, Defendants failed to

compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.  Specifically, Defendants only compensated Plaintiff for his first forty (40) hours of work and failed to pay Plaintiff any wages whatsoever for the hours he worked over forty (40) in most, if not all, work weeks during the relevant time period.

## DAMAGES

At this time, Defendants are in possession of Plaintiff's pay and time records. Without these records, Plaintiff is not able to provide a calculation with specificity. However, Plaintiff estimates that for approximately 42 weeks of his employment, he worked approximately thirty (30) hours of overtime each week. Throughout the duration of his employment, Plaintiff's regular rate of pay was $14.00 per hour.  Therefore, Plaintiff's overtime rate of pay should have been $21.00.  Plaintiff's damage calculation is attached hereto as **Exhibit A**.

Plaintiff's claims unpaid overtime wages in the amount of $26,226.90, plus an equal amount as liquidated damages, plus any and all applicable interest, and reasonable attorney's fees and costs.

Respectfully submitted this 22nd day of March 2022.

*/s/ Chanelle J. Ventura*
Chanelle J. Ventura, Esq.
Florida Bar No.: 1002876
Pausha Taghdiri, Esq.
Florida Bar No.: 1002857
MORGAN & MORGAN, P.A.
8151 Peters Road
4th Floor
Plantation, Florida 33324
Telephone:  (954) 318-0268
Facsimile:  (954) 327-3039
E-mail: cventura@forthepeople.com
            ptaghdiri@forthepeople.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all parties of record.

*/s/ Chanelle J. Ventura*
Chanelle J. Ventura